UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON STACEY PRYOR,

        Petitioner,              Case No. 1:11-cv-739

v.                                Honorable Robert Holmes Bell

WILLIE SMITH,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.[1]

___

[1] Given the length of time that has passed since the date of Petitioner's sentence in 2005, and the date that his petition was filed (2011), it is likely that the petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Nevertheless, this Court has discretion to reach the merits of the petition before considering its timeliness. *See Day v. McDonough*, 547 U.S. 198, 208 (2006).

**Factual Allegations**

Petitioner presently is incarcerated at the Carson City Correctional Facility. On November 1, 2004, Petitioner was arraigned on a charge of armed robbery in the State of Minnesota and given a fifty-thousand dollar bond. At the arraignment, the State of Michigan placed a "hold without bond" on Petitioner. On March 21, 2005, Petitioner was sentenced in Minnesota for the armed robbery charge. On June 26, 2005, Michigan authorities retrieved Petitioner and transferred him to Berrien County, Michigan. On July 12, 2005, Petitioner pled guilty to a charge of armed robbery in the State of Michigan, MICH. COMP. LAWS § 750.529. On August 8, 2005, the Berrien County Circuit Court sentenced Petitioner to a prison term of seven to forty years, to run concurrently with his sentence from Minnesota. Petitioner alleges that he was held in jail from November 1, 2004 until the date of his Michigan sentence.

**Discussion**

Petitioner claims that his sentence violates Michigan sentencing law. He contends that he earned 279 days of jail credit under MICH. COMP. LAWS § 769.11b, but he was awarded only 84 days of jail credit by the sentencing court. Petitioner fails to state a cognizable claim.

A federal court may grant a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Therefore, violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Petitioner's claim does not implicate any federal constitutional right. "A prisoner has no right under the federal constitution to earn or receive sentencing credits." *Grays v. Lafler*, 618 F. Supp. 2d 736, 747 (W.D. Mich. 2008); *see also Hansard v. Barrett*, 980 F.2d 1059,

1062 (6th Cir. 1992) ("[t]he United States Supreme Court has held that inmates have no inherent constitutional right to good time credit") (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Because Petitioner's claim challenges the interpretation and application of a state crediting statute, it is not cognizable on federal habeas review. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *see also Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) ("We must accept as valid a state court's interpretation of the statutes and rules of practice of that state."); *Hack v. Elo*, 38 F. App'x 189, 194 (6th Cir. 2002) ("The interpretation of state statutes and legislative intent by state appellate courts is a matter of state law which is not reviewable in habeas corpus.").

Moreover, Petitioner's assertion that the alleged sentencing error is a violation of the Due Process Clause does not transform this state sentencing issue into a federal claim. The Sixth Circuit rejected a similar claim in *Austin v. Jackson*, 213 F.3d 298 (6th Cir. 2000). Like the petitioner in that case, Petitioner has failed "to articulate the grounds upon which the trial court's departure from the Michigan Sentencing guidelines violates any federal due process right he possesses," and is "unable to substantiate a single violation of any of his constitutional guarantees to due process." *Id.* at 301.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: <u>September 12, 2011</u>            /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE